HAMITER, Justice.
 

 Our present consideration of this cause, which involves a receivership proceeding commenced by the .state against the defendant Mutual Investment Company, Inc., concerns only a motion to dismiss the devolutive appeal that was obtained by persons not parties to the litigation in the district court.
 

 On March 27, 1947, Emile Bienvenu, the duly appointed and qualified receiver of Mutual Investment Company, Inc., petitioned the court for authority to sell certain described vacant lots belonging to the corporation, in accordance with the joint purchase offer of Hejo Realty Company, Inc., and York Realty Company, Inc., it proposing the payment of $1000 cash and the assumption by the purchasers of all state and parish taxes and paving liens (including a lien for $1000) assessed against the property.
 

 In a formal judgment of April 18, 1947, the court authorized the making of the suggested sale, the reasons assigned therefor, to quote from that instrument, being:
 

 “It appearing that proper notices have been entered upon the Receivership Order Book, due summons issued to the creditors, and the corporation duly cited; and that no oppositions have been filed; and considering also other evidence making due proof of all of the allegations of the Receiver’s petition establishing the advisability of the private sale prayed for, and the court being of the opinion that said property should be sold at private sale:”
 

 On June 6, 1947, the receiver filed a final account showing a consummation of the authorized sale, listing the proceeds received therefrom, and proposing a method of distribution. Thereafter (June 18,
 
 *359
 
 1947), the court rendered a judgment reading:
 

 “Due proof having been made before this Court, that the account herein filed on the 6th day of June 1947, has been advertised according to law; that no opposition has been filed thereto, and that the legal delays for opposing the same have elapsed, and due proof having been also made of the correctness of said account.
 

 “It is ordered that the said account be approved and homologated, and the funds be distributed accordingly.”
 

 From the judgment dated April 18, 1947, which authorized the sale of the property, appellants obtained this devolutive appeal, the order therefor having been entered almost a year later or specifically on April 13, 1948.
 

 Although not parties to the proceeding in which that judgment was rendered, appellants, in their petition for the appeal, alleged that they are the children and sole heirs of Henry J. Bonnabel, Sr., and his wife (both deceased), from whom they inherited stock in the Mutual Investment Company, Inc.; and, further, that “the said judgment is contrary to the law and the evidence and that petitioners are aggrieved thereby and desire to appeal therefrom devolutively to the Supreme Court of the State of Louisiana.” They prayed for no specific relief against the judgment; obviously, however, they seek to have it set aside and the sale held under its authority annulled.
 

 Persons not parties to a cause, of course, are entitled to appeal from a judgment rendered against them when it is shown that they have been aggrieved thereby. Code of Practice, Article 571. Their appeal, however, can not and will not be entertained where it presents for consideration purely moot issues, such as those a decision on which (even if favorable to apellants) would be ineffective. This doctrine is particularly applicable to devolutive appeals perfected from judgments under which sales have been consummated. In such cases the validity of the sales, made in execution of the judgments after they became executory, could not be affected by the subsequent reversal of the judgments on the appeals. Bank of La Fourche v. Barrios et al., 167 La. 215, 118 So. 893; Wetherbee v. Lodwick Lumber Co., Inc., et al., 194 La. 352, 193 So. 671; Unity Industrial Life Insurance Company v. De-Joie, 197 La. 38, 200 So. 813; Pettingill et al. v. Hills, Inc., et al, 199 La. 557, 6 So.2d 660, 662.
 

 Many months prior to the obtaining of the instant devolutive appeal, the receiver for Mutual Investment Company, Inc., executed the assailed judgment and distributed, with the court’s approval, the proceeds of the sale made thereunder. From which it follows naturally that even should this court reverse the judgment, as
 
 *361
 
 appellants seek to have us do, our decree would be without effect.
 

 As was said in Pettingill v. Hills, Inc., supra:
 

 “It is the function of appellate courts to render judgments that can be made effective and not to give opinions on moot questions or abstract propositions from which no practical results can follow. So where it is impossible for the appellate .court to undo what has already been done, the court will not determine the questions litigated in the court below, but will dismiss the appeal. This principle is one of general application. * * * ” -
 

 For the reasons assigned the appeal is dismissed.