McBRIDE, Judge.
Herbert L. Harding, the owner of eleven building sites.in New Orleans, in the latter part of 1946 entered into a verbal agreement with one Elmer Weigel, whereunder Weigel was to construct one or more houses on the land and sell the property after the improvements had been completed. Out of the proceeds of the sale Harding was to receive approximately $2,000 per building site for his land, the balance of the purchase price to belong to Weigel.
Elmer Weigel subsequently entered into a verbal agreement with Julius J. Weigel, doing business under the trade name of Jefferson Roofing and Siding Company, for the construction of eleven houses on the building sites.
Jefferson Roofing and Siding Company then commenced the construction of all eleven houses, and ultimately completed two of them. Two other houses were partially completed, and the foundations and framing of the other seven were set up; the builder then defaulted on his job, and the work was abandoned early in 1947.
Various materialmen and subcontractors filed liens against the property. One of the materialmen, Rathborne Lumber and Supply Company, Inc., brought suit to foreclose its lien for $12,213.72, and a judgment by default was ultimately rendered against Herbert L. Harding arid Julius J.' Weigel, solidarily, for the amount of the claim, with full recognition of the lien and privilege of Rathborne Lumber and Supplv Company, Inc., on the property. At the in *165 stance of the plaintiff a writ of fieri facias was issued and the property was thereunder seized, advertised, and sold by the Civil Sheriff for the Parish of Orleans at a public sale held on July 6, 1950. Herbert L. Harding was the adjudicatee at the judicial sale for $35,000. ; •
The mortgage certificate required by law was procured by the Civil Sheriff before the sale, in the names of both Julius J. Weigel and Herbert L. Harding. Numerous liens, judgments, and other inscriptions, against Harding, Weigel, and the property, appeared .on the certificate.
Harding brought a rule against the lien-ors, Julius J. Weigel’s judgment creditors, Julius J. Weigel, the Civil Sheriff, and the Recorder of Mortgages for the Parish of Orleans, ordering them to show cause why the inscriptions of certain instruments (all fully set forth in the rule), which were registered in the mortgage office records, should not be cancelled and erased, and why Julius J. Weigel, his successors and assigns, should not be decreed to be'without interest in the property; and in the alternative, why the Civil Sheriff should not cancel the adjudication made to Harding at the sale held on July 6, 1950, and return to the ad-judicatee his deposit of $3,500 made to the Civil Sheriff on account of the price of adjudication.
All defendants in the rule .were duly cited, and on March 30, 1951, after several hearings, the court below rendered judgment in favor of Harding and against all of the defendants in rule, decreeing:
(1) that certain inscriptions (set forth in the judgment) are null and void insofar as they purport to constitute claims against Harding personally or liens or encumbrances against his property; . and
(2) that the Recorder of Mortgages for the Parish of Orleans cancel and erase the same from the records of his office ;
(3) that Herbert L. Harding comply with the adjudication made to him and pay over to the Civil Sheriff the amount of $35,000, the price of adjudication, less the deposit of $3500;
(4) that the Civil Sheriff convey the property to Harding free and clear of all' encumbrances, upon receipt of the price of adjudication, and pay over to Harding such amount as shall remain after satisfying the-judgment in favor of Rathborne Lumber, and Supply Company for $12,213.72, with interest and costs,, the judgment in favor of Elmore Labiche et als. for $2469.50, with interest and costs, and the judgment in. favor of Ulysses B.' Buford for $1819'.50, with interest and costs, which bear against Herbert L. Harding and recognize liens and privileges to the respective amounts thereof against the property;
(5)that the amounts due on said three Judgments be paid over to Herbert L. Harding as the assignee of said judgment creditors ; and
(6.) fixing the fee and commission of the Civil Sheriff at $600.
Theodore Labiche, who has appealed de-volutively from the judgment of March 30, 1951, was one of the lien claimants, under the following inscriptions appearing on the mortgage certificate:
“The lien against Julius Weigel et al in favor of Theodore Labiche, up to the sum of $370.00, interest, etc., by affidavit before M. Gomila, Notary Public, dated June 14, 1947, recorded in ■ M.O.B. 1683, folio 184 on June 16, 1947, and reinscribed in M.O.B. 1783, folio 157 on April 21, 1950.
' “The lien against Julius Weigel et al in favor of Theodore Labiche, up to the sum of $305.00, interest, etc., by affidavit before R. Selenberg, Notary Public, dated April 20, 1948, recorded in M.O.B. 1683, folio 304 on April 20, 1948, and reinscribed in M.O.B. 1783, folio 157 on April 21, 1950.
“The lien against Julius Weigel in favor of Theodore Labiche, up to the sum of $370.00, interest, etc., by affidavit before M. Gomila, Notary Public, dated June 14,, 1947, recorded in M.O.B. 1683, folio 184 on June 16, 1947, and reinscribed in M.O.B. 1683, folio 347 on July 2, 1948.”
The only questions presented by the appeal are whether the liens, aggregating, $675, should be reinstated on the mortgage records, and whether Labiche, under said liens, is entitled to participate in the proceeds of the judicial sale of the property.
*166 It is conceded by all parties that the Recorder of Mortgages has cancelled and erased from the records of his office the claims of the lienors, among which were those of Theodore Labiche, and the Civil Sheriff’s mortgage certificate has been cleared of the lien inscriptions. The proceeds of the sale have been disbursed in accordance with the judgment by the Civil Sheriff.
Counsel for Herbert L. Harding filed a motion to dismiss Labiche’s appeal on the ground that the questions presented are moot, and the motion to dismiss was argued at the same time that argument was heard on the merits of the case.
 In view of the established jurisprudence of the state, our opinion is that the motion to dismiss must prevail. The devolutive appeal taken by Theodore La-biche did not preserve the status quo of the matter. The devolutive appeal avails him nothing. Labiche did not, by appropriate proceedings, protect his rights in the matter. We could render no judgment which would reinstate La'biche’s liens, or allow him to participate in the funds, which are no longer in the hands of the Civil Sheriff, who has disbursed them under authority of the court.
In Pettingill et al. v. Hills, Inc., et al., 199 La. 557, 6 So.2d 660, 662, the Supreme Court said: “It is the function of appellate courts to render judgments that can be made effective and not to give opinions on moot questions or abstract propositions from which no practical results can follow. So where it is impossible for the appellate court to undo what has already been done, the court will not determine the questions litigated in the court below, but will dismiss the appeal. This principle is one of general application. * * * ”
In State v. Mutual Inv. Co., Inc., 214 La. 356; 37 So.2d 817, 818, citing with approval Pettingill v. Hills, Inc., supra, it was said that the “ * * * appeal, however, can not and will not be entertained where it presents for consideration purely moot issues, such as those a decision on which (even if favorable to appellants) would be ineffective. * * * ”
For the above and foregoing reaso'iis, the motion to dismiss is sustained and the appeal of Theodore Labiche is hereby dismissed at his cost.
Motion sustained, appeal dismissed.
JANVIER, J., takes no part.