FOURNET, Chief Justice.
Johnie E. Sumrall, owner of the property sought to be expropriated, and his lessees, Oren Russell and Oren W. Russell, having obtained a judgment in the lower court dismissing on their exceptions of no right or cause of action[1] the expropriation suit instituted by the State'of Louisiana, through the Department of Highways, are seeking to have this court dismiss the State’s appeal, contending that the judgment of the trial court recalling and setting aside the order of expropriation divested plaintiff of title, and inasmuch as the status quo was not preserved by the taking of a suspensive appeal "this court cannot [under a devolutive appeal] revive that order even if it concluded that the trial court’s judgment was incorrect.”
Clearly, there is no merit to the motion to dismiss as it asserts as a basis therefor the very issue to be determined on the merits of the appeal, i. e. whether or not the judgment of the trial court could and did in fact divest plaintiff of title to the property.
A perusal of the cases[2] relied upon by defendants-appellees in support of the motion to dismiss shows that they are inapposite from either a legal or factual standpoint' and are authority for the proposition that appellate -courts will not render judgments that cannot be made effective nor give opinions on moot questions or abstract problems from which no practical.results can follow..
For the reasons assigned, the motion to dismiss is denied.

. Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660; State v. Mutual Investment Company, Inc., 214 La. 356, 37 So.2d 817; Rathborne Lumber & Supply Co., Inc. v. Harding, La.App., 56 So.2d 164; South Street Lumber Co. v. Dickerson, 235 La. 1062, 106 So.2d 513.