FOURNET, Chief Justice.
After granting a writ of certiorari on the application of the relator, Taylor Cousin, Jr., in order to review the judgment of the Court of Appeal, Fourth Circuit,[1] reversing the judgment of the trial court in favor of the relator, granting him a writ of mandamus ordering the respondent, the Louisiana State Board of Health, to issue to him a delayed birth certificate and also a corrected birth certificate to his sister Beatrice Cousin Bonnecarre, as prayed for, the re-> spondent filed a motion to dismiss[2] these proceedings on the ground that the matter had become moot as the relator had died during the pendency of the action here.
The general rule is that “proceedings for mandamus being in the nature of a personal action, * * * abate on the death of the person in whose behalf they have been instituted, and cannot be prosecuted by the personal representatives of the relator after his death.”[3]
Under the laws of this state, “An action does not abate on the death of a party. The only exception to this rule is an action to enforce a right or obligation which is strictly personal.” Art. 428, C.C.P. “An obligation is strictly personal, when none but the obligee can enforce the performance, or when it can be enforced only against the obligor.” Art. 1997, R.C.C. of 1870 (Emphasis supplied)
*212 Clearly this action is not heritable [4] as it is strictly personal to the relator and therefore abates with his death, thereby rendering the matter before us moot.
For the reasons assigned, the writ is recalled. Relator is to pay all costs.

. The Court of Appeal holding (a) that there was no right or interest in the relator to demand the change in the registration of the birth of his sister, to that extent dismissed his suit, and (b) that the relator had “ * * * not established beyond any possible doubt that he is a white person. * * * ” dismissed the suit as to him as of nonsuit. See, 138 So.2d 829.

. On the day set for oral argument,- counsel for the relator endeavored to substitute as parties plaintiff the widow of relator, Beverly Cousin, and their eight children, Arlett Cousin, Constant Cousin, Barry Cousin, Larry Cousin, Beverly Cousin, Sandra Cousin, June Francis Cousin and Roger Cousin.

. 18 R.C.L., Sec. 287, p. 335.

. “ * * * It [an obligation] is heritable •when the heirs and assigns of the one party may enforce the performance against the heirs of the other. * * * ” Art. 1997, R.C.C. of 1870.