HALL, Judge.
Norbert Encalade filed two mandamus proceedings in the Civil District Court for the Parish of Orleans, viz.:
1) One on behalf of his minor daughter, Vanessa Irene Encalade, filed August 19, 1960, against the New Orleans Health Department, Bureau of Vital Statistics.
2) The other on behalf of himself individually, filed September 6, 1960 against the State Registrar of Vital Statistics.
In the first suit he prayed that the Bureau of Vital Statistics of the Health Department of the City of New Orleans be ordered to deliver to his daughter, Vanessa Irene Encalade, a birth certificate showing her to be a member of the White race, born on October 2, 1954 in the City of New Orleans.
In the second suit Relator prayed that the State Registrar of Vital Statistics he ordered to deliver to him a delayed certificate of birth showing him to be a member of the White race, born October 17, 1914 in the Parish of Jefferson.
The District Judge ordered the two suits consolidated and tried together and decided by one single judgment. Thereafter the consolidated cases were referred to the Commissioner of the Civil District Court for hearing and report as authorized by the provisions of LSA-R.S. 13:1171. After a protracted hearing the Commissioner filed a written report containing an extensive review of the testimony and exhibits as required by law. Based on the testimony, the exhibits and the jurisprudence the Commissioner reported to the Court: “ * * * the Commissioner is of the opinion that Relator is in fact of colored ancestry. Since Relator is colored his daughter, Vanessa, is colored.” The Commissioner therefore recommended that both of Relator’s suits be dismissed.
Due notice of the filing of the Commissioner’s Report was served on Relator as required by law. He filed no exceptions thereto, and after the expiration of the 10 days allowed by LSA-R.S. 13:1171(H) for the filing of exceptions the Respondents moved for a judgment in their favor based on the record as made up before the Commissioner. On January 20, 1965 the District Judge rendered and signed one judgment dismissing both of Relator’s suits at his cost
*90 Relator filed a separate appeal in each case, the two appeals being consolidated for hearing before us. Since the issues in both suits are identical we shall treat the matter, as did the District Judge and the parties, as only one proceeding, wherein we shall refer to Norbert Encalade as the “Relator” and the State and City Vital Statistics Departments as the “Respondents”.
Relator filed no brief in this Court. When the case was called for argument he contented himself with presenting and arguing a motion for a continuance, based on the ground that, although a mandamus proceeding is personal to the Relator and does not legally affect the rights of any person not a party thereto, the interest and rights of Norbert Anthony Encalade (a minor son of Relator who was not joined in these proceedings and for whom no separate suit was filed) will be “affected from an administrative standpoint” by a decision in the cases on appeal herein. Relator alleged in his motion for a continuance that “A suit has been filed in the Civil District Court for the Parish of Orleans against the Respondents in these proceedings, seeking a declaratory judgment determining the racial status of the minor, Norbert Anthony Encalade,” and Relator pointed out the possibility that a different result could be reached in that case than in the cases on appeal herein, especially since, as averred by him, additional evidence can be brought on matters and issues which are not disclosed in the records presently before the Court, such as expert anthropological and genetic evidence, expert opinions on the presence or absence of sickle cell anemia, racial status as evidenced by mortgage and conveyance records, baptismal records, and a variety of other types of evidence.
We refused the requested continuance, and proceeded to hear argument from Respondents on the merits of the cases before us. Relator, not having filed a brief was denied the right to argue. (See Rule IX, Section 11.) Although Relator’s motion for a continuance was denied, he was granted leave to file within six calendar days, a Motion to Remand, together with such a brief as he cared to file.
Pursuant to the leave granted Relator filed a Motion to Remand, together with citations in support thereof, in which he prayed that the cases before us be remanded for the taking of additional evidence along the lines stated in his motion for a continuance.
Relator’s Motion to Remand seeks in effect to have the cases before us returned to-the District Court so that they may be consolidated with and retried in conjunction with his declaratory judgment suit involving the racial status of another of his children, (Norbert Anthony Encalade) who-was not previously a party to these proceedings.
 A mandamus proceeding is strictly personal to the parties thereto and does not affect the rights of any other person not a party to the proceedings (see State ex rel. Cousin v. Louisiana State Board of Health, La.App., 138 So.2d 829; 243 La. 774, 147 So.2d 211). A final decision in the cases before us will not be binding upon Relator’s son, Norbert Anthony Encalade. The cases before us were fully tried below and the record contains all of the evidence sought to be adduced by Relator at that trial. It would not promote but would defeat the ends of justice to withhold decision and to remand cases of the type before us whenever another member of Relator’s family might choose to file a similar action. Theoretically this remanding process might be repeated and extended even to descendants not yet born. The Motion to Remand is denied.
Since Relator filed no exceptions to the Commissioner’s Report and since to this date he has filed no brief on the merits herein, we are at a loss to determine upon what grounds he bases his appeals.
*91 Under the jurisprudence a judgment of the Trial Court is presumptively correct and will not be disturbed except for errors pointed out by appellant or patent on the face of the record.
 Notwithstanding this rule we have undertaken a careful review of the entire record for errors patent or otherwise, and have reached the conclusion that the judgment appealed from is correct.
The record contains an abundance of evidence, adduced on behalf of Relator, that both he and his daughter, Vanessa, have always been accepted by the public as members of the White race. On the other hand, Respondents introduced into evidence some ninety odd certified photostatic copies of birth and death certificates recorded in the State and City Vital Statistics Departments, together with certified copies of extracts from certain United States census reports. These records contain racial data not only with respect to Relator’s direct ancestral line but also with respect to many collateral lines. Although we have checked all of these records it will suffice for us to confine our remarks to the direct line.
The birth certificate of Relator’s daughter, Vanessa Irene Encalade, shows that she is the daughter of Norbert Encalade and Irene Mamolo. Originally this birth certificate carried the race of both parents as White, and consequently Vanessa was originally registered as White. However this certificate was altered on 11/16/64 to show her father, the Relator herein, to be of the Negro race and her birth registration was changed to Negro. The alteration was made when it was discovered that Relator’s own birth certificate classified his race as Negro.
The birth certificate of the Relator, Norbert Encalade, shows him to be the child of Rodenez Encalade and Marie Thiel and shows both parents as Colored. Ro-denez Encalade is shown on the 1870 Census rolls of Plaquemines Parish as “M” or Mulatto.
Relator’s paternal grandfather and grandmother were Valentine Encalade and Marie Eliza Barthelemy. The race of both paternal grandparents is shown on the 1850 and 1870 census rolls of Plaquemines Parish as “M” or Mulatto. The record does not contain any information concerning Relator’s paternal great grandparents.
Relator’s direct maternal line shows the following:
His mother, Marie Thiel is designated on Relator’s birth certificate as being of the Colored race. Although her death certificate registered in Jefferson Parish on March 27, 1958 carries her as White, the 1880 Federal Census of Plaquemines Parish carries her as Mulatto.
Relator’s maternal grandparents were Joseph Thiel and Terrizile (Turcie) Cas-bon. Both are carried on the 1880 Plaque-mines Parish Census rolls as being Mulattoes. However, the death certificate of Terrizile (Turcie) Casbon carries her as White. (This certificate has been “flagged” by the authorities.)
Relator’s maternal great grandfather was John Baptiste Casbon and his maternal great grandmother was Michaile (Mikale) St. Demolle. Both are carried on the 1850 and 1860 Plaquemines Parish Census rolls as being Mulattoes.
As we said in State ex rel. Cousin v. Louisiana State Board of Health, La.App., 138 So.2d 829, “* * * The burden clearly rests upon the relator of showing beyond any doubt at all that he is entitled to a certificate showing that he belongs to the white race.” Proof that Relator and his daughter have been accepted in the community as being of the White race does not in our opinion overcome the prima facie correctness of the recitals contained in the Public Records filed in evidence by Respondents. (See State ex rel. Treadaway v. Louisiana State Board of Health, 221 La. 1048, 61 So.2d 735; State ex rel. Lytell v. Louisiana State Board of Health, La.App., 153 So.2d 498, writs re *92 fused, 244 La. 1000, 156 So.2d 55.) These records show that both Relator and his daughter, Vanessa, have a traceable amount of Negro blood in their veins.
For the foregoing reasons, the judgment appealed from, which dismissed both of Relator’s suits is affirmed; costs of these appeals to be borne by Relator.
Affirmed.