219 So.2d 342 (1969)
Giles A. WALLACE, Plaintiff-Appellant,
v.
FIDELITY NATIONAL BANK, Defendant-Appellee.
No. 7542.
Court of Appeal of Louisiana, First Circuit.
January 27, 1969.
Rehearing Denied March 10, 1969.
Writ Refused April 25, 1969.
*343 Sylvia Roberts and H. Alva Brumfield, Baton Rouge, for appellant.
Roland C. Kizer, Jr., of Kizer, Heaton & Cangelosi, Baton Rouge, for appellee.
Before LOTTINGER, ELLIS and BAILES, JJ.
BAILES, Judge.
This appeal involves the claims of two collateral mortgage holders to an escrow fund formed between them in an agreement to cancel their respective mortgages in order that the mortgaged property could be sold. The claimants are Giles A. Wallace, plaintiff and defendant in reconvention, and the Fidelity National Bank of Baton Rouge, defendant and plaintiff in reconvention. The Trial Court rendered judgment in favor of the defendant-plaintiff in reconvention in the amount of the escrow fund. Wallace prosecutes this appeal seeking reversal. We find the judgment erroneous; it is reversed.
The facts surrounding this controversy, as developed at the trial of the matter, are these. Joseph E. Harper and his wife, daughter of plaintiff Wallace, executed a first mortgage, May 21, 1962, in favor of the Capitol Building and Loan Association on certain residential property they owned in the City of Baton Rouge. On May 29, 1962, Harper executed a collateral mortgage on the above mentioned property and a collateral mortgage note in the amount of $30,000.00, which was paraphed for identification with the mortgage. The mortgage was duly recorded the same day and the note was delivered to Wallace to secure certain loans made in the past and loans to be made in the future. Two years later, on July 14, 1964, another collateral mortgage on the same property and a $20,000.00 mortgage note were executed. The mortgage was recorded the following day and the note was delivered to the Fidelity National Bank under an instrument entitled Collateral Pledge Agreement. This pledge was security for an indebtedness owed by Harper to the Bank. In 1966 the Harpers decided that they should sell the mortgaged property. Wallace and the Bank entered a written agreement in which they agreed to allow their collateral mortgages to be cancelled and the property sold. The agreement further provided that the proceeds of the sale were to be used to pay the first mortgage and the remainder was to be placed in an escrow account in`the Bank pending a determination of the rank of their claims to that remainder. The agreement was executed and $7,104.09 was deposited in the escrow account.
Wallace filed this suit against the Bank asserting that his collateral mortgage primed that of the Bank. The defendant Bank answered denying plaintiff's claim of *344 rank and reconvened against the plaintiff alleging that its mortgage was superior.
At the trial, plaintiff introduced a number of checks made payable to Harper and four demand notes signed by Harper and made in favor of plaintiff. Both plaintiff and Harper testified that Harper was presently indebted to Wallace in the amount of $12,500.00 and that the checks and notes represented loans made by Wallace to Harper. The $30,000.00 collateral mortgage note given by Harper to Wallace was given to secure this indebtedness. The delivery of this note was not accompanied by a written pledge instrument. The Bank introduced into evidence Harper's demand note of April 18, 1960, payable to their order in the sum of $25,000.00, reduced by payment to the sum of $24,500.00, together with the pledge agreement executed July 15, 1964, in connection with the delivery of the $20,000.00 collateral mortgage note to the Bank. The pledge was intended as security for the $24,500.00 indebtedness.
In deciding this matter the Trial Court cited the first paragraph of LSA-C.C. Article 3158 and concluded that in the absence of a written instrument the delivery of the $30,000.00 collateral mortgage note to Wallace was ineffective to create a pledge of that note binding as to third persons. The plaintiff's demand was, therefore, dismissed and judgment rendered on defendant's reconventional demand.
We feel the Trial Court fell into error in considering only the first paragraph of Article 3158 of the Louisiana Civil Code. Rather than burden this opinion with a recitation of the entire article, we merely refer to it by number. A fair reading of this Article can lead to only one conclusion: that mere delivery is the only formality required to perfect a pledge of a negotiable instrument valid not only between the parties but also as against third persons. As we read the Article, the first paragraph establishes the general rule that a contract of pledge of movable property, in order to affect third persons, must be by written act containing certain required information. The second paragraph of the Article makes exceptions to this general rule, one of the exceptions specifically concerning promissory notes, whereby only delivery of the excepted object is required to perfect a pledge valid against the world. Moreover, this second paragraph specifically provides that this exception is applicable to instruments commonly known as collateral mortgage notes.
This being the case, we find that both claimants to the escrow account are the beneficiaries of valid pledges of collateral mortgage notes secured by collateral mortgages which by agreement are enforceable against the escrow account. Inasmuch as each has proved an indebtedness in excess of the amount contained in that account, the question becomes one of rank or priority.
The jurisprudence is well established that the lien on real property, here transferred to the escrow account, resulting from a collateral mortgage ranks from the day the collateral mortgage note is pledged to secure the payment of a loan or other indebtedness. The claim of the plaintiff, Giles A. Wallace, must therefore prevail.
Defendant Bank relies on the cases of Foote v. Sun Life Assur. Co. of Canada (La.App.1937) 173 So. 477; Sambola v. Fandison (La.App.1938) 178 So. 276, and Davis v. Davis (La.App.1951) 50 So.2d 647, as authority to sustain and uphold its contention. We have considered each of these cases. In the Foote case the object of the pledge was an insurance policy involving no third party; in the Sambola case the thing pledged was a motor vehicle and no third party was concerned, and finally in the Davis case, while the object of the pledge was a promissory note, the controversy involved only the pledgee and pledger of the note. Accordingly, we find the cited cases inapposite to the issue before us.
*345 For the foregoing reasons the judgment of the Trial Court is reversed and set aside. It is hereby ordered, adjudged and decreed that there be judgment in favor of plaintiff, Giles A. Wallace, and against the defendant, the Fidelity National Bank, authorizing the plaintiff to withdraw the sum of $7,104.09 from the escrow account established by these parties. It is further ordered, adjudged and decreed that the demands of the Fidelity National Bank, plaintiff in reconvention, are rejected and dismissed. The costs of this appeal are to be paid by defendant-appellee, Fidelity National Bank.
Reversed and rendered.