BOLIN, Judge.
This suit involves a question of ranking between a mortgagee on one hand and various contractors and materialmen holding privileges against the mortgaged property on the other hand. TIL executed a mort *721 gage to First Mortgage Investors (FMI) for $1,100,000 as security for money advanced and to be advanced by FMI to TIL for the construction by TIL of an apartment complex. Subsequently FMI foreclosed on the mortgage and the property was sold at a sheriff’s sale for $600,000. The mortgagee (FMI) and the various lien holders each claim entitlement to satisfaction out of the proceeds. The trial court ruled in favor of the mortgagee and we affirm.
The primary issue is whether a mortgage to secure simultaneous or future advances, which is recorded prior to the recordation of a written construction contract, primes privileges granted to contractors, subcontractors or furnishers of material involved in the construction.
The construction mortgage on the property was recorded on June 8, 1973. The note was delivered to FMI and some disbursements of funds were also made on that date. The construction contract was signed on June 8 but was not recorded until June 12. The contract provides, “No work shall commence until after the recordation of this contract.”
There is voluminous and contradictory testimony concerning when work was begun and material delivered to the site of this construction. The timeliness of the filing of the various liens is not in dispute.
Pertinent to the question on appeal are several sections of Title 9, Louisiana Revised Statutes.[1] Subsection A of § 4801 grants a privilege against immovable prop *722 erty and any improvements thereon to contractors, subcontractors, laborers, and mate-rialmen involved in construction on that property. Subsections B and C each purport to rank the privileges but list different criteria for that purpose.
Subsection B provides that the privileges enumerated in Subsection A are superior to all other claims against the land and improvements “except: . . . mortgages if the . . . mortgages exist and have been recorded before the work or labor has begun or any material has been furnished.”
Subsection C provides that where mortgages are executed to secure simultaneous or future advances, these advances are secured in preference to any other claims if the mortgage has been recorded “before any work or labor has begun or material has been furnished, or before the recordation of a building contract, . . (Emphasis ours)
Citingthe above italicized language as well as R.S. 1:9 which provides that the term “or” as used in the revised statutes is used in the disjunctive unless otherwise specified, the trial judge held that a mortgage was superior to the privileges created by 9:4801(A) if it was recorded either before materials were supplied or work begun or before the building contract was recorded. Since the mortgage was recorded on June 8, and the building contract not until June 12, the trial judge found the mortgage to be superior regardless of when materials were delivered or work begun. We find a reasonable interpretation of 4801, C, supports the result reached by the trial judge.
Appellants contend the trial court’s interpretation of subsection C distorts the general purpose of the Private Works Act. They envision a situation whereby a mortgagee who failed to record his mortgage until several weeks after material had been delivered or work had begun so that the mortgage was inferior to the privileges, could elevate his mortgage to a superior rank by subsequently causing the building contract to be recorded. This situation could not arise since Section 4802 provides that a building contract “shall be recorded before the date fixed on which the work is to commence and not more than thirty days after the date of said contract.”
We find that the language of Subsection C providing that a mortgage is superior to other claims against the property if it is recorded prior to the recordation of the building contract refers only to a timely recorded building contract as defined by 9:4802.
Ifabuilding contract is not recorded timely, then the controlling provision as to ranking is not Section 4801, C, but rather Section 4812. That section creates a privilege against property in those instances in which there is no building contract “or when a contract has been entered into but has not been recorded, as and when required . . . (Emphasis ours) The phrase “as and when required” must be read to refer to requirements set forth in Section 4802. If the building contract is not recorded timely, Section 4812 states that with certain exceptions the privileges are superior to any claims against the property except when the mortgage exists and is recorded before work has begun or materials furnished.
The building contract in this case provides, “. . .No work shall commence until after the recordation of this contract.” The contract was signed on June 8 and recorded on June 12. Therefore this contract was timely recorded as measured by the specifications of Section 4802, and Section 4812 is not applicable.
This mortgage to secure future advances with a timely recorded building contract is specifically governed by 9:4801 C, and under this Subsection a mortgage recorded prior to recordation of the building *723 contract is superior to all other privileges against the property except laborer’s privilege, regardless of when materials were supplied or work begun.
The judgment is affirmed at appellants’ cost,
HALL, J., concurs in the result.

. § 4801.
A. Every contractor, subcontractor, architect, engineer, registered land surveyor, master-mechanic, mechanic, cartman, truckman, workman, laborer, or furnisher of material, machinery, or fixtures, exclusive of anyone who rents or leases movable property whose rights shall be governed by the provisions of R.S. 9:4801.1, who performs work or furnishes material for the erection, construction, repair, or improvement of immovable property, or who furnishes material or supplies for use in machines used in or in connection with the erection, construction, repair, or improvement of any building, structure, or other immovable property, with the consent or at the request of the owner thereof, or his authorized agent or representative or of any person with whom the owner has contracted for such work, has a privilege for the payment in principal and interest of such work or labor performed, or the materials, machinery or fixtures furnished, and for the cost of recording such privilege, upon the land and improvements on which the work or labor has been done, or the materials, machinery, or fixtures furnished.
B. Except as stated in Sub-Section D of this Section, the privilege given by Sub-Section A of this Section, if evidenced as provided in the applicable provisions of this Sub-Part, is superior to all other claims against the land and improvements except: (1) taxes and local assessments for public improvements if any, and (2) bona fide vendor’s privileges or mortgages if the vendor’s privileges or mortgages exist and have been recorded before the work or labor has begun or any material has been furnished. For the purposes of this Sub-Section, a vendor’s privilege or a mortgage resulting from a sale and resale to and from a regularly organized homestead or building and loan association also constitutes a vendor’s privilege or mortgage, respectively, within the intendment of this Sub-Section.
C. When a mortgage note has been executed by the owner of the immovable for the purpose of securing advances to be made either simultaneously therewith or in the future, whether such advances be for the payment of all or part of the purchase price of the property, for commitment fees or any other type of expenses incurred or to be incurred in connection with construction on the property, and the mortgage has been recorded and the note delivered to the lender before any work or labor has begun or material has been furnished, or before the recordation of a building contract, the amount of the advances made simultaneously therewith or thereafter shall be deemed secured by the mortgage in precedence to and with priority over any of the claims had under the privileges conferred by Sub-Section (A) of this section, except as stated in Sub-Section (D) hereof.
D. The privilege given to the laborer by Sub-Section A of this Section primes the rights of mortgagees and vendors.
§ 4802.
Every contract hereafter entered into for the repair, reconstruction, erection, construction, or improvement of any work on immovable property by any undertaker, general contractor, master mechanic, or engineer, or other person undertaking such general contract with the owner or his authorized agent or representatives, shall be reduced to writing, signed by the parties thereto by an authentic act, or under private signature, and shall be recorded in the office of the clerk of court or the recorder of mortgages of the parish wherein said work is to be executed, before the date fixed on which the work is to commence and not more than thirty days after the date of the said contract.