LANDRY, Judge.
Appellee, Katharine Oldham Dunham, testamentary executrix of the Succession of Ted F. Dunham, Sr., has moved for dismissal of the appeal taken herein by Richard Dunham (Appellant), son of decedent, from judgment dismissing Appellant’s action for a preliminary injunction seeking to prevent Appellee from transferring certain corporate stock owned by decedent’s succession. The motion to dismiss is predicated upon the alleged mootness of Appellant’s claim since only a devolutive appeal was taken by Appellant and the sale of the stock has since been perfected. We dismiss the appeal as moot.
As testamentary executrix, Appellee petitioned the trial court for authority to sell 394 shares of stock in Anderson-Dunham, Inc., a closed corporation whose stock is owned entirely by Appellee and decedent’s *675 estate. Alleging the need to raise cash funds to pay succession debts and expenses, Appellee proposed that 31.4% of the succession’s stock in Anderson-Dunham be redeemed by the corporation for 105% of book value, a total of $598,545.10.
Appellant opposed the suggested transfer on the grounds that: (1) the market value of the shares is much greater than the book value; (2) the proposed sale is an attempt by Appellee to shift control of the corporation by the transfer of shares owned by the succession which are the subject of a testamentary trust, contradictory to Appellee’s duties as testamentary trustee of 8 separate trusts established by decedent’s will; (3) the sale at a reduced price is violative of Appellee’s fiduciary duty as trustee of the 8 trusts and also violative of Appellee’s fiduciary duty in that it will benefit Appellee to the detriment of the heirs; and (4) other succession assets are available for sale to pay debts at more advantageous prices and with less financial detriment to the heirs.
The judgment rejecting Appellant’s request for a preliminary injunction was signed August 8,1977. A timely motion for new trial was denied August 19, 1977, and notice thereof sent on August 22, 1977. Appellant was granted a devolutive appeal on August 30,1977. The judgment became executory September 21, 1977. La.C.C.P. Article 2252. The stock was sold February 27, 1978.
Our jurisprudence establishes that if an appellate court cannot render judgment which satisfies Appellant’s demands, because the action of the trial court cannot be undone, the appeal should be dismissed as moot. Succession of Scie, 240 So.2d 583 (La.App. 4th Cir. 1970); Succession of Favalora, 169 So.2d 197 (La.App. 4th Cir. 1964).
State v. Mutual Investment Co., Inc., 214 La. 356, 37 So.2d 817 (1948) and Pettingill et al v. Hills, Inc., 199 La. 557, 6 So.2d 660 (1942) both hold that when a sale has taken place and cannot be annulled on appeal, the appeal should be dismissed. In Pettingill, a partition sale sought to be avoided had already been executed and the proceeds of the sale distributed when the devolutive appeal was taken. In Mutual Investment, a receiver petitioned for authority to sell, at private sale, two vacant lots, which permission was granted without opposition. An order for devolutive appeal was taken after the sale was consummated. Appellant seeks to distinguish Pettingill and Mutual Investment on the ground that in those cases the sales were consummated before a devolutive appeal was taken, whereas in this instance, the appeal preceded the sale.
The time of taking the appeal is immaterial. A devolutive appeal does not suspend the effect of a judgment. In this instance, the sale was made after the judgment became executory. Under the circumstances, there was no impediment to the sale. La.C.C.P. Article 2252.
Appellant maintains that the appeal should not be dismissed because issues other than the right to injunctive relief are involved. It is contended that the sale could be nullified, or that at least it should be decided whether Appellee has breached her fiduciary duty as succession executrix or trustee, as alleged.
These issues, however, are not properly before us since Appellant has sought relief only in the form of injunction to prevent the proposed sale. Appellant has not sought removal of Appellee as either executrix or trustee.
Relying upon Bordelon v. Bordelon, 180 So.2d 855 (La.App. 3rd Cir. 1965) and La.C.C.P. Article 2164, Appellant suggests that we may consider the alleged breaches of fiduciary responsibility because we are permitted to render any judgment which is just, legal and proper on the record on appeal. We note, however, that Bordelon, above, was an action specifically to annul a sale and not an action for an injunction.
The corporation which purchased the stock is not a party to these proceedings. No judgment, therefore, may be rendered herein affecting the rights of said purchaser. We find no merit in Appellant’s suggestion that said corporation is in effect before the court. So far as the record *676 shows in this instance, Appellee is not the alter ego of the corporation; neither has the corporate veil been pierced.
The appeal is dismissed as moot with full reservation of Appellant’s rights to proceed against the Appellee and/or Anderson-Dun-ham, Inc., to annul the sale of stock or against Appellee for alleged breach of Ap-pellee’s fiduciary duty as trustee of testamentary executrix of decedent’s succession.
Appeal dismissed.