357 So.2d 1226 (1978)
AMERICAN BANK AND TRUST COMPANY IN MONROE, Plaintiff-Appellee,
v.
F & W CONSTRUCTION, INC., Defendant-Appellant.
No. 13498.
Court of Appeal of Louisiana, Second Circuit.
March 27, 1978.
Rehearing Denied May 10, 1978.[*]
Writ Refused June 30, 1978.
*1227 Charles H. Ryan, Monroe, for defendants-appellants Curtis Matlock, Wallace Plumbing Co., Inc., Key Millwork and Supply, Inc., Century Ready-Mix Co., Inc. and Architectural Clay Products, Inc.
Boles, Mounger & Hallack by Joe H. Dixon, Jr., Hayes, Harkey, Smith & Cascio by Joseph D. Cascio, Jr., Monroe, for plaintiff-appellee American Bank & Trust Co. in Monroe.
Before BOLIN, PRICE and MARVIN, JJ.
En Banc. Rehearing Denied May 10, 1978.[*]
PRICE, Judge.
This is an appeal by lienholders who contend the trial court improperly ranked their liens inferior to the collateral mortgage executed by the owner to secure advances from appellee, American Bank & Trust Co. in Monroe.
The trial court ruled that since the collateral mortgage foreclosed upon by American Bank was recorded prior to the date the first material was delivered to the job site, it is superior to the liens of appellants even though the note identified with the mortgage was not pledged until a later date.
There are two issues presented: (1) Is the appeal moot, and (2) If not, is a collateral mortgage superior to the liens of unpaid materialmen under the Private Works Act (La.R.S. 9:4801, et seq.) where materials are delivered to the mortgaged property after the collateral mortgage is recorded, but before the mortgage note is pledged to the lender. We overrule the motion to dismiss the appeal and reverse the judgment in part as to the ranking of liens.
This litigation arises from the following chronology of events: On July 7, 1976, F & W Construction, Inc., in anticipation of construction of a residence on Lot 16, Unit 3 of Pecan Bayou subdivision, Ouachita Parish, *1228 executed a collateral type mortgage to secure a note payable to any future holder. The mortgage was filed on July 15, 1976. On July 21, 1976, delivery of the first materials was made to the mortgaged lot. The following day, July 22, F & W Construction pledged the collateral mortgage note to secure construction advances under a written pledge agreement to American Bank. That same day the first advance was made and a hand note was given to the bank for the amount borrowed. F & W did not pay for the materials supplied on this job by appellants, and the subject liens were timely filed against the property. American Bank as pledgee of the collateral mortgage note petitioned for executory process to have the property sold to satisfy advances made by it to F & W during construction. Prior to the sheriff's sale, an intervention was filed in the executory proceeding to have the court determine the rank of the several liens in conjunction with the mortgage being foreclosed upon.
MOTION TO DISMISS
American Bank contends the appeal from the judgment ranking the mortgage and liens is moot because the property was seized and sold pursuant to executory process at a sheriff's sale, and thereafter, appellants' liens were cancelled in an ex parte mandamus proceeding. The bank alleges that since no suspensive appeal was taken, nor any attempt made to enjoin the sheriff's sale, the sale and subsequent cancellation of the liens render the issue of ranking the liens moot. Appellants, whose rule to determine ranking had not been decided, received no notice of the mandamus proceeding and were not parties thereto; therefore, their lien rights were not affected by the cancellation. State v. City of New Orleans, 188 So.2d 88 (La.App. 4th Cir. 1966), State v. Code, 215 La. 485, 41 So.2d 62 (1949), Savage v. Holmes, 15 La. Ann. 334 (La.1860). Although appellants can no longer attack the validity of the seizure and sale, Simmesport State Bank v. Couvillon, 164 So.2d 698 (La.App. 3rd Cir. 1964), State v. Mutual Inv. Co., 214 La. 356, 37 So.2d 817 (1948), their right to enforce the liens against the property by ordinary process continues to exist under C.C.P. Art. 2378 if judgment is ultimately rendered ranking their liens superior to the bank's mortgage; therefore, the issue of ranking appellants' liens is not moot.
ISSUE OF RANKING
Since no written contract was executed or recorded in connection with the subject construction, the appropriate section of the Private Works Act to determine the ranking of the liens and mortgage in question is La.R.S. 9:4812. See Courshon v. Til, 344 So.2d 719 (La.App. 2d Cir. 1977). This section of the statute provides in pertinent part:
The said privilege shall be superior to all other claims against the land and improvements except . . . a bona fide mortgage . . . if the . . . mortgage exists and has been duly recorded before the work or labor is begun or any material is furnished.
Appellants contend the mortgage in question does not prime their liens under the above quoted language of the statute as it was not a bona fide and existing mortgage until the collateral mortgage note was pledged to the lender.
American Bank to the contrary contends this is not a correct interpretation of this section of the statute relying on Courshon v. Mauroner-Craddock, Inc., 219 So.2d 257 (La.App. 1st Cir. 1968). There is a crucial distinction in Courshon in that the mortgages in question were recorded and the notes delivered to the lender prior to delivery of any materials. There was no issue made in that decision as to whether the mortgage "existed" on the critical date for want of delivery of the note in pledge.
In the same Courshon decision the court defines a bona fide mortgage under § 4812 as one which "in legal terminology means valid in law." Courshon, supra, 266.
Although we are not aware of any appellate decisions which have resolved conflicting ranking of a materialman's lien and collateral mortgage under the Private *1229 Works Act, there are several cases concerning the ranking of other mortgages and liens with collateral mortgages. These decisions support appellants' argument that the rank of a collateral mortgage will be determined from the date the note is pledged and not from the date of recordation of the mortgage. See Installment Plan Inc. v. Justice, 209 So.2d 68 (La.App. 4th Cir. 1968); Wallace v. Fidelity National Bank, 219 So.2d 342 (La.App. 1st Cir. 1969); Rex Finance Co. v. Cary, 145 So.2d 672 (La.App. 4th Cir. 1962).
The nature of a collateral mortgage includes elements of both mortgage and pledge. 41 TLR 785, 799. As to the pledge of a promissory note under the provisions of La.C.C. Art. 3158, delivery is essential to affect third persons. Nathan and Marshall in their comprehensive article, "The Collateral Mortgage," 33 LLR 497, explain the distinction between the ranking of ordinary and collateral mortgages:
. . . in the situation of the ordinary conventional mortgage, where the debt is either in existence or comes into existence at the same time as the execution of the mortgage, the mortgage is effective as to third persons from the time that the act of mortgage is filed for recordation, provided that it is thereafter promptly and actually recorded in the mortgage books. Since the general rule for ranking purposes is "first in time, first in rank," it is fairly easy to determine ranking priorities among ordinary conventional mortgages. The collateral mortgage departs from this ranking scheme and, . . . cannot be determined by examination of the public records. Except for the fact that filing and recordation are essential for the mortgage to be effective as to third persons at all, neither filing nor recordation time determines rank; it is the date of issuance (or reissuance) of the "ne varietur" note identified with the mortgage that determines the ranking of the collateral mortgage. [Page 512]
The pledge of the "ne varietur" note to secure the hand note is commonly referred to as "issuance." The term "issuance" is important for, unlike the ordinary conventional mortgage that is effective upon filing in the mortgage office (if it is actually and promptly recorded thereafter) the act of collateral mortgage may be recorded and remain dormant for months, if not years, and only obtains ranking against third parties from the time of "issuance," i. e., when the "ne varietur" note is pledged to secure the debt. . . . [Page 504]
We therefore find that the term "bona fide" mortgage, as used in the Private Works Act in so far as the ranking of collateral mortgages is concerned, has reference to the date the collateral mortgage note is pledged to the lender.
For the foregoing reasons, the judgment is reversed in so far as it recognizes that the mortgage foreclosed upon by appellee, American Bank & Trust Company in Monroe, is superior to the materialmen's liens of appellants, and it is ordered and adjudged that there be judgment in favor of appellants and against appellee declaring that the mortgage executed by F & W Construction, Inc. on July 7, 1976, to any future holder, covering Lot 16, Unit 3 of Pecan Bayou Subdivision as per plat in Book 13, Page 144 of the records of Ouachita Parish, is inferior to the following liens recorded by appellants:
Wallace Plumbing Co., Inc., lien for $2,124.00, recorded January 4, 1977, in Mortgage Book 860 at page 378.
Architectural Clay Products Inc., lien for $1,091.30, recorded January 7, 1977, in Mortgage Book 860 at page 700.
Key Millwork & Supply, lien for $1,296.26, recorded January 11, 1977, in Mortgage Book 860 at page 831.
Century Ready Mix Corp., lien for $732.51, recorded January 11, 1977, in Mortgage Book 860 at page 839.
Curtis Matlock, lien for $1,443.00, recorded January 12, 1977, in Mortgage Book 860 at page 893.
The judgment is otherwise affirmed. All costs of these proceedings are taxed against appellee.
NOTES
[*] JONES, J., took no part in rehearing.