98 So.2d 169

Nicholas P. TRIST

v.

Harold R. RAVAIN.

No. 43600.

Nov. 12, 1957.

Byrnes & Wallace, New Orleans, for relator.

Edgar N. Quillin, New Orleans, for plaintiff and respondent.

PONDER, Justice.

In pursuance to the application for writs, this Court ordered the judge of the lower court to grant to relator a suspensive appeal or show cause to the contrary.

Respondent brought eviction proceedings against the relator alleging that the relator was a tenant on a month to month basis, that he had caused a notice to vacate to be served on relator in accordance with LSA–R.S. 13:4918 and that relator failed and refused to vacate the premises.

The relator, in his answer, averred that he was in possession of the premises under a verbal agreement of lease with a primary

term of three years, and an option to renew for an additional period of five years, and that the primary term has not yet elapsed. The relator averred that an attorney selected by respondent was to reduce the agreement to writing; that no written agreement was ever presented to relator through the fault and neglect of the respondent and his attorney; that under the original terms of the agreement the rent was to be paid as follows, viz.: $125 per month for the first year, $150 per month for the second year, and $175 per month for the third year, thereby averaging $150 per month over a period of three years; that, in the event the option was exercised for the additional five years, the rent would be $150 per month.

The relator further averred that he moved on the premises August 7, 1954 and paid a rental of $125 per month until March, 1957, at which time he started paying $150 per month; that the wife and agent of respondent agreed to excuse the payment of past due rent because of the improvements made on the building by the relator; that the wife and agent of the respondent informed the relator that she thought he should move from the premises because of recently developed political differences between the respondent and the relator; and that the wife and agent of the respondent notified relator that the monthly payments of rent would be at the rate of $150 per month from then on.

Upon hearing of the rule, the trial judge gave judgment in favor of the respondent ordering relator to vacate the premises within fifteen days. Relator moved for a suspensive appeal which was denied by the trial judge and, thereafter, the relator applied to this Court for a writ of mandamus directing the trial judge to grant him a suspensive appeal. The writs were granted and the matter is now submitted for our determination.

The relator contends that he was entitled to a suspensive appeal under the provisions of LSA–R.S. 13:4924 because he had interposed a special defense to the eviction proceedings. He takes the position that the primary term of the lease had not expired at the time he was notified to vacate the premises and that under the agreement with the agent of the respondent all rent due had been paid.

It appears from the return of the trial judge that he refused to grant the suspensive appeal because he was of the opinion that the evidence adduced on the trial of the rule did not support the relator's special defense set out in his answer.

It would appear from the provisions of LSA–R.S. 13:4924 that the relator was entitled to a suspensive appeal because he had set forth a special defense in the proceedings. Doullut v. Rush, 142 La. 443, 77 So. 110. As to whether or not he has sufficiently proved this special defense cannot be determined in these proceedings.

It seems that the sole dispute herein is whether or not the special defense has been substantiated by proof and this can only be inquired into upon submission of the merits of the case on an appeal.

For the reasons assigned, the writs issued herein are made peremptory and, accordingly, the trial judge is hereby ordered to grant the relator a suspensive appeal from the judgment mentioned in the petition and complained of, upon relator giving bond and security in an amount as the law directs, returnable to this Court according to law. The costs of this proceeding to be paid by the respondent, Dr. Nicholas P. Trist.