**118 So.2d 896**

**Nicholas P. TRIST**

**v.**

**Harold R. RAVAIN.**

**No. 43887.**

**March 21, 1960.**

Edward A. Wallace, New Orleans, for appellant.

Edgar N. Quillin, Arabi, for plaintiff-appellee.

HAMLIN, Justice.

Defendant, Harold R. Ravain, appealed suspensively to this Court from a judgment of the trial court condemning him to vacate the premises known as "Harold R. Ravain Shoe Store," No. 7009 St. Claude Avenue, Arabi, Louisiana, and to deliver possession thereof to plaintiff, Nicholas P. Trist, within fifteen days.

Plaintiff brought rule proceedings under LSA–R.S. 13:4918 for the eviction of defendant from the premises, supra. He alleged that he was the owner thereof; that he rented the property to defendant under

a month to month lease agreement; that he had given the defendant timely notice to vacate; and, that he was entitled to possession.

In answer, defendant averred that a verbal contract of lease existed between him and plaintiff, and argued that its three-year term (August, 1954–57) had not expired. He prayed for dismissal of plaintiff's rule for eviction.

After trial of the rule for eviction, which resulted in the judgment, supra, the trial judge refused to grant defendant a suspensive appeal. This Court ordered him to grant defendant a suspensive appeal under the provisions of LSA–R.S. 13:4924. 233 La. 731, 98 So.2d 169.

On the date set for argument (February 24, 1960) counsel for appellant stated to this Court that the entire issue had become moot because of the expiration of the lease by its own terms. Counsel for appellee affirmed this statement.

Any opinion we might render with respect to the terms of the instant lease would be abstract and of no effect. Tullos v. Long, 231 La. 171, 90 So.2d 880.

"It is the function of appellate courts to render judgments that can be made effective and not to give opinions on moot questions or abstract propositions from which no practical results can follow. So where it is impossible for the appellate court to undo what

has already been done, the court will not determine the questions litigated in the court below, but will dismiss the appeal. * * *" Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660, 662. See, Hirt v. City of New Orleans, 225 La. 589, 73 So.2d 471; Haydel v. Frellsen, La.App., 79 So.2d 399; Blanchard v. City of Shreveport, La.App., 90 So. 2d 556.

For the reasons assigned, the appeal is dismissed at appellant's cost.