HERGET, Judge.
On September 27, 1960 General Motors Acceptance Corporation obtained an order for executory process against John M. Kroger; on the 7 day of October, 1960, Defendant-Appellant filed a petition to arrest the seizure and sale, and a rule nisi was issued by the District Judge on October 11 ordering the Plaintiff-Appellee to show cause on the 17 day of October, 1960 at 9 a. m. why a preliminary injunction should not be issued; on October 17, 1960 the District Judge rendered judgment recalling and setting aside the rule at Relator’s cost ; on November 3, 1960 the property (automobile) was sold at a foreclosure sale to the Plaintiff-Appellee herein for the price of $1,150, it being the highest bidder. The record reflects that the Defendant gave notice to the Trial Court of its intention to apply to the Supreme Court of the State of Louisiana for writs of certiorari, prohibition and mandamus. The record does not reflect that any application was made to the Supreme Court and counsel for appellant did, in fact, make application for writs of certiorari to the Honorable Court of Appeal, First Circuit, however said writs were *403 not granted, and the property was sold as hereinabove stated on the 3 day of November, 1960. On January 30, 1961 Defendant-Appellant moved for an order of devolutive appeal from the judgment rendered by the District Court and the appeal was made returnable to this Court on March 27, 1961 and bond was fixed in the sum of $100.
Inasmuch as the validity of a sale made by the Sheriff by virtue of a writ of seizure and sale in an executory proceeding issued by a court of competent jurisdiction cannot be affected by a reversal of the judgment or order on a devolutive appeal, the issues presented by this appeal are moot; the sale of the property having taken place cannot be undone. Ouachita National Bank v. Shell Beach Construction Company, 154 La. 709, 98 So. 160; Unity Industrial Life Insurance Co. v. DeJoie et al., 197 La. 38, 200 So. 813; Gouaux v. Lockport Central Sugar Refining Company, 156 La. 889,101 So. 255; Bank of LaFourche v. Barrios, 167 La. 215, 118 So. 893.
The defenses to be asserted where an order of executory process is issued are set forth in LSA-Civil Procedure, Article 2642, reading as follows:
“Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing, the issuance of the writ of seizure and sale, or both.
“A suspensive appeal from an order directing the issuance of a writ of seizure and sale shall be governed by the provisions of Articles 2081 through 2086 and 2088 through 2167, except that the security therefor shall be for an amount exceeding by one-half the balance due on the debt secured by the mortgage or privilege sought to be enforced, including principal, interest to date of the order of appeal, and attorney’s fee, but exclusive of court costs.”
In the Official Revision Comments on this Article, we find in paragraph (c) the following:
“Although theoretically a devolutive appeal from an order directing the issuance of a writ of seizure and sale is available to the defendant in an executory proceeding, if the property is sold prior to the time of the hearing on appeal, the appeal will be dismissed as presenting only a moot question. Bank of LaFourche v. Barrios, 167 La. 215, 118 So. 893 (1928). For this reason in this Code no devolutive appeal is permitted from an order directing the issuance of the writ of seizure and sale.”
Accordingly, and for these reasons, judgment is rendered dismissing the appeal of John M. Kroger at his cost.
Appeal dismissed.