TATE, Judge.
The defendant bank appealed from a judgment decreeing that a 1959 chattel mortgage held by it was subordinate, because of certain deficiencies, to a 1960 chattel mortgage on the same equipment held by the plaintiff bank. The plaintiff now moves to dismiss the appeal as moot.
The plaintiff bank is a judgment creditor which seized certain tractors and other equipment upon which it held a 1960 chattel mortgage recognized as valid by the 1963 judgment under which it seized. The present mandamus proceedings were brought by it against the Clerk of Court and the Cottonport Bank, ordering them to show cause why a certain 1959 chattel mortgage held by the Cottonport Bank purporting to affect the same equipment, should not be held subordinate to the privilege of the plaintiff seizing creditor under its 1960 chattel mortgage and the 1963 judgment recognizing it.
The trial court granted judgment in the plaintiff’s favor, holding that the defendant’s 1959 chattel mortgage did not affect third persons because it was not properly authenticated. LSA-R.S. 9:5353. The defendant bank appealed devolutively only.
*699 The motion to dismiss the appeal is based upon undenied allegations that the property-subject to the mortgages has been sold under execution sale since the judgment below, and the proceeds have been distributed in accordance with the judgment herein, according to which the defendant’s 1959 chattel mortgage is primed by the plaintiff’s 1960 mortgage.
The original appellate record was supplemented by order under LSA-CCP Art. 2132. The sheriff’s returns thereby included show that the tractors subject to the plaintiff’s and the defendant’s mortgage were sold at execution sales; that, per the certificate of chattel mortgage corrected in accordance with the judgment herein, the privilege of the plaintiff as seizing creditor was shown to prime the privilege of the defendant; and that the price paid was not sufficient to satisfy the plaintiff’s privilege, which primed all other liens and privileges on the property seized and sold.
Under LSA-CCP Art. 2338, the property may be sold at execution sale even though the price is insufficient to satisfy the privilege of the seizing creditor, providing such privilege is superior to other privileges upon the property. However, the property may not be sold at execution sale if the price offered does not cover the privileges superior to that of the seizing creditor, LSA-CCP Art. 2337.
The proceeds were distributed in accordance with the present judgment holding the plaintiff’s mortgage to prime the defendant’s, since only a devolutive and not a suspensive appeal was taken therefrom. The defendant did not intervene in the execution proceedings and obtain an order prohibiting payment to the judgment creditor on the ground that its privilege was superior to that of the seizing creditor, LSA-CCP Art. 2299, nor did it seek to enjoin the sale, LSA-CCP Art. 2298.
Under the circumstances shown, the defendant’s appeal is moot. Where a devolutive appeal only has been taken, as a result of which a judicial sale has been consummated, the devolutive appeal presents purely moot issues wherein a decision (even if favorable to the appellant) cannot be effective since the validity of the sales made in execution of the judgment after it becomes executory cannot be effected by a subsequent reversal. State v. Mutual Inv. Co., 214 La. 356, 37 So.2d 817; Wetherbee v. Lodwick Lbr. Co., 194 La. 352, 193 So. 671; and cases therein cited.
The sole question presented by the defendant’s appeal concerns whether it has a superior privilege to that of the plaintiff upon the property seized by the latter as judgment creditor, which property was subsequently sold by execution sales. Since the judgment below decreeing the plaintiff’s mortgage to be superior to the defendant’s, the property has been sold at sheriff’s sale recognizing the plaintiff’s mortgage as priming all other privileges on the property sold, in accordance with the judgment in the present suit, the effect of which was not suspended by the present defendant’s present devolutive appeal.
The property purchased at the sheriff’s sale was released by law from all privileges inferior to that of the seizing creditor, LSA-CCP Art. 2376; nor, under the jurisprudence previously cited, can the execution sale be invalidated, even should we hold that the defendant’s mortgage primed that of the plaintiff as seizing creditor, so that therefore the sale should have been null as made in contravention of LSA-CCP Art. 2337 (providing that the price at the sheriff’s sale must be sufficient to discharge privileges superior to that of the seizing creditor).
Therefore, any judgment by this court reversing the trial court adjudication could not effectuate the defendant’s privilege upon the property sold at sheriff’s sale, and consequently the defendant’s appeal pre *700 sents only moot issues and must be dismissed. See, e. g.: Choate v. Cofield, La.App. 3 Cir., 164 So.2d 601; General Motors Acceptance Corp. v. Kroger, La.App. 1 Cir., 136 So.2d 402; RDM Corporation v. Macaluso, La.App. 4 Cir., 134 So.2d 127. See also: Trist v. Ravain, 239 La. 487, 118 So.2d 896; Succession of Washington, 229 La. 862, 87 So.2d 9; Navarre v. Lafayette Parish School Bd., 226 La. 876, 77 So.2d 520; Freret Civic Ass’n v. Orleans Parish School Bd., 223 La. 407, 65 So.2d 893.
Appeal dismissed.