355 So.2d 899 (1978)
UNITED TEACHERS OF NEW ORLEANS
v.
ORLEANS PARISH SCHOOL BOARD.
No. 60552.
Supreme Court of Louisiana.
March 6, 1978.
John P. Nelson, Jr., Richard G. Vinet, Nelson, Nelson & Lombard, Ltd., New Orleans, for plaintiffs-applicants.
Franklin V. Endom, Jr., Polack, Rosenberg, Rittenberg & Endom, New Orleans, for defendant-respondent.
SANDERS, Chief Justice.
A teachers union sued the school board to compel arbitration as provided in their collective bargaining agreement. The district court entered judgment for the teachers union. The Court of Appeal reversed. La. App., 348 So.2d 232 (1977). We granted writs to review the judgment. La., 350 So.2d 1216 (1977).
Orleans Parish School Board and the United Teachers of New Orleans had a collective bargaining agreement. Article 13 of that contract contained rules for periodic teacher evaluations. Thereafter, the Board established evaluation policies differing from those in Article 13.
The Union contends that the "implementation of this new teacher evaluation policy will have an impact upon the terms and conditions of the teachers' employment and should therefore be subject to negotiation, as provided for in Article 4, Section 3 [of *900 the contract]."[1] Thus, the issue involves obligations arising from the contract.
The collective bargaining agreement was effective July 1, 1975 through June 30, 1977. Currently there is a new contract in effect which is silent on evaluation policies.[2]
When a party to an expired contract sues to enforce any rights or obligations stemming from that contract, the case is moot. Trist v. Ravain, 239 La. 487, 118 So.2d 896 (1960); Herman v. Style Line Greetings, Inc., La.App., 325 So.2d 371 (1976); Kean's v. Willoughby, La.App., 149 So. 237 (1933). In such a case the appeal must be dismissed because a judgment, if rendered in favor of the plaintiff, could "grant [no] effectual relief whatever.. ." Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293 (1895). An appellate court must avoid decisions from which no practical results can follow. Pettingill v. Hills, 199 La. 557, 6 So.2d 660 (1942). Moreover, in the interest of judicial economy, the Court may declare mootness on its own motion. LSA-C.C.P. Art. 2164; Behler v. Louisiana State Racing Commission, 251 La. 959, 207 So.2d 758 (1968).
The sole issue presented concerns obligations arising from an expired contract. We conclude that the case is moot.
For the reasons assigned, the appeal is dismissed.
DIXON, J., dissents.
DENNIS, J., concurs with reasons.
DENNIS, Justice, concurring.
The finding of mootness is correct in this case. However, the broad language in the majority opinion should not be read to preclude actions for damages arising from expired contracts. Such claims, in appropriate cases, would survive the expiration of the contract and would not be considered moot.
NOTES
[1] Article 4:3 provided:

"The BOARD shall not during the life of this AGREEMENT establish any policy, practice, rules or regulation inconsistent with the terms of this AGREEMENT. If the BOARD intends to establish a new educational policy, practice, rules or regulation which has an impact upon the terms and conditions of employment of the teachers the BOARD shall negotiate over such impact with the UNION."
[2] Although the record does not contain the current agreement, the parties agreed in oral argument to this Court that it did not have a provision regulating evaluations. Therefore, this particular conflict is at an end. See Buffalo Forge v. U. Steelwkrs. of America, AFL-CIO, 428 U.S. 397, 96 S.Ct. 3141, 49 L.Ed.2d 1022, n. 8 (1976).