liPEATROSS, Judge.
The sole issue in this case is whether LSA-R.S. 42:457, a discretionary statute, or 42:457.1, which requires a city to withhold union dues, governs requests for the City of West Monroe to withhold union dues from police officers’ salaries. Plaintiffs Warren Lee, a West Monroe policeman, and other members of the West Monroe Police Local, 135 IUPA, AFL-CIO, sought a writ of mandamus compelling the city to withhold the union dues from the salaries of officers who made that request to the city. Determining that the discretionary statute LSA-R.S. 42:457 applied, the trial court denied the writ of mandamus. Plaintiffs appeal this denial, Finding LSA-R.S. 42:457.1 applies and requires withholding by the city, we reverse the judgment of the trial court,
REASONS FOR JUDGMENT
At trial the only testimony was that of Warren Lee, an 18-year employee of the West Monroe Police Department. A union, Local 135, with 36 members had been organized and affiliated with the state and international union of police associations. Lee, the president, presented payroll deduction cards filled out by the members to the city employee in charge of payroll. Initially, the employee told him that all the blanks for deductions were in use. After being presented with a copy of LSA-R.S. 42:457.1, the city informed Lee that the city relied on 42:457 which makes withholding of union dues discretionary with the city.
In connection with Lee’s testimony, the court received in evidence the charter, constitution, and by-laws of the local union. The court also received in evidence a copy of the union’s payroll deduction order and Lee’s own pay stub showing blank places for deductions. Considering the dispute legal as opposed to factual, the city presented no witnesses or evidence.
The trial court resolved the conflict between the mandatory deduction of dues for a police association and the discretionary withholding of union dues, |2findmg that the discretionary statute directed at unions was applicable. The trial court agreed that a labor union was an association which was a larger generic category than a union. The trial court further opined, however, that the legislature had provided for mandatory withholding for a police association and discretionary withholding for police unions. The trial court ruled, therefore, that LSA-R.S. 42:457 governed and the city could elect whether or not to withhold dues for a police union. The court speculated that the later statute, LSA-R.S. 42:457.1, may have been passed at the request of police associations which did not want to be considered a union and which saw the mandatory withholding for associations *436 as a way to compete with unions. Thus, the trial court reasoned that, had the organization seeking the mandamus not been a union, the city would have been obligated to withhold the dues.
DISCUSSION
A writ of mandamus lies to compel performance of prescribed duties that are purely ministerial. A ministerial duty is one which is performed without requiring the exercise of judgment and in obedience to some clear command. Wilson v. Ouachita Parish School Bd., 29,463 (La.App. 2 Cir. 5/7/97), 694 So.2d 596.
The statutes at issue are found in Title 42, “Public Officers and Employees” and in Chapter 9 named “Payroll Withhold-ings.” Enacted in 1966 by Act 419, LSA-R.S. 42:457 is titled “Union Dues.” Originally, the act was designed:
To authorize the state, any board, agency, parish, or any municipality to deduct from the salary of public employees for dues in any labor organization to which he belongs, upon his voluntary, written authorization and request; and to provide for the proper remittance of the amount deducted.
The statute was amended in 1986 by Act No. 805 which amended §§ 455, 456(E) and 457 and enacted 458 concerning payroll deductions. The act established | ^minimum requirements for deduction applicants, provided authority for promulgation of rules concerning withholding, provided for remittance of withheld funds and provided related matters. The new portion of the statute is the last complete sentence which replaced the original last two sentences. LSA-R.S. 42:457 now reads:
Any state, parish, or city employee may authorize his employing department, board, or agency to withhold from his salary a specific amount for such pay periods as may be designated, for payment of his dues to any labor organization to which he belongs and which he designates therein. In such cases, the employee must voluntarily execute and furnish to the employing department, board, or agency a written and specific authorization for such deductions; however, the employing authority may elect whether or not to make such deductions. Any amount withheld in accordance with the provisions of this Section shall be remitted on a regularly scheduled basis as prescribed by rules promulgated by the Division of Administration and administered by the state payroll office to the organization designated.
Labeled “Professional law enforcement and firefighter association dues,” LSA-R.S. 42:457.1 was enacted by Act 768 of 1992:
relative to certain payroll deductions; to authorize public employees to authorize their employers to withhold from their paychecks an amount of money to be paid to law enforcement and firefighter aiflfocia-tions for membership; to provide for an effective date; and to provide for related matters.
The statute provides:
Any employee of the state or of any political subdivision of the state may authorize his employer to withhold from his salary a specific amount for such pay periods as may be designated, for payment of his dues to any professional state or local law enforcement or firefighter association which is located or is operating a chapter within the respective jurisdiction and to which the employee belongs. The employee must voluntarily execute and furnish to the employer a written and specific authorization for such deduction. Upon receipt of such authorization, and in accordance with the instructions contained therein, the employer shall begin to make such deductions. The amounts withheld shall be remitted forthwith to the organization designated by the employee. The provisions of this Section shall not apply to any employee of the local sheriff’s office or parish law enforcement district.
LObviously, § 457 makes the withholding of union dues discretionary with the governing authority while § 457.1 contains mandatory language. The terms “union,” “labor organization” and “professional association” are not defined in Title 42. The union and Officer Lee maintain that LSA-R.S. 457.1 is the *437 applicable statute while the city relies upon LSA-R.S. 457.
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be interpreted as written. No further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9. When the language of a law is susceptible to different meanings, the law must be interpreted as having the meaning which best conforms to the purpose of the law. La. C.C. art. 10. Words are to be given their generally prevailing meaning while words of art and technical terms must be given their technical meaning when the law involves a technical matter. La. C.C. art. 11. If words are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. La. C.C. art. 12. Laws on the same subject are to be interpreted in reference to each other. La. C.C. art. 13.
In Theriot v. Midland Risk Insurance Co., 95-2895 (La.5/20/97), 694 So.2d 184, the supreme court explained that the function of statutory interpretation rests with the judicial branch of the government. The starting point in interpretation is the language of the statute itself. Ambiguous text is to be interpreted according to the generally prevailing meaning of the words employed. Their meaning may be sought by consulting other laws on the same subject matter. Where a part of an act is to be interpreted, it shoqld be read in connection with the rest of the act and all other related laws on the same subject. Theriot, supra.
The paramount consideration in interpreting a statute is ascertaining the legislature’s intent and the reasons that prompted the legislature to enact the law. [ eLegislative intent is the fundamental question in all cases of statutory interpretation; rules of statutory construction are designed to ascertain and enforce the intent of the statute. A helpful guide in ascertaining the legislative intent is the legislative history of the statute in question and related legislation. Laws are presumed to be passed with deliberation and with full knowledge of all existing ones on the same subject. When reasonably possible, all acts on a subject are to be harmonized. Theriot, supra.
La. C.C. art. 13 which provides that laws on the same subject matter must be interpreted in reference to each other requires courts to harmonize and reconcile statutes if possible. State In Interest of A C., 93-1125 (La.1/27/94), 643 So.2d 719. A generally accepted rule is that when two statutes conflict, the statute that is more specifically directed to the matter at issue prevails as an exception to the statute that is more general. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980).
We agree with the trial court that a union is a type of association, since an association is a larger generic category than a union.[1] While LSA-R.S. 42:457 makes withholding dues for “any labor organization” discretionary with the city, LSA-R.S. 42:457.1 makes withholding dues mandatory. The stated purpose of Act 768 of 1992, which added LSA-R.S. 42:457.1, was to authorize public employees to have withheld from their paychecks money to be paid “to law enforcement and firefighter associations for membership.” LSA-R.S. 42:457.1 specifically makes mandatory the withholding of dues for “any professional state or local law enforcement or firefighter association.” The history and introduction 16to Act 768 is specific in referring to associations of law enforcement and firefighters. As stated above, a union is generally understood to be a type of association. While dates of enactment are not determinative, laws are presumed passed with full knowledge of other laws. Generally, the legislature has provided in LSA-R.S. 42:457 that public entities have discretion to withhold for labor organizations. The legislature, however, has specifically directed that, for any law enforcement association, *438 withholding is mandatory under LSA-R.S. 42:457.1. We therefore find LSA-R.S. 42:457.1 applicable and reverse the trial court.
CONCLUSION
The judgment of the trial court denying the writ of mandamus is reversed. A writ of mandamus is issued directing the City of West Monroe to withhold dues for members of West Monroe Police Union 135 in compliance with LSA-R.S. 42:457.1. Costs are assessed according to law.
REVERSED.

. A U.S. Supreme Court case dealing with standing of a union to sue on behalf of its members, International Union, United Auto. v. Brock, 477 U.S. 274, 106 S.Ct. 2523, 91 L.Ed.2d 228 (1986) discussed the union’s role in serving its members. The union was consistently referred to as an association. Not relevant legally, the opinion illustrates that a union is referred to as a type of association when the words are used according to their generally prevailing meaning.