DREW, J.
 

 |TThe Caddo Federation of Teachers and Support Personnel (“Caddo Federation”) appeals its dismissal as a party plaintiff after the district court sustained the exception of no right of action filed by Caddo Parish School Board (“School Board”). The Caddo Federation, along with Carol Simonton (“Simonton”) and Cleve Arkansas (“Arkansas”), two teachers employed by the School Board, sought a declaratory judgment on whether teachers employed by the School Board were entitled to additional compensation pursuant to La. R.S. 17:154.2. The Caddo Federation asserts the district court erred in granting the School Board’s exception of no right of action, arguing that it has “associational standing” to bring this action on behalf of its members.
 

 Finding the Caddo Federation has associational standing, we reverse and remand for further proceedings.
 

 FACTS
 

 Plaintiffs sought a declaratory judgment to have certain rights declared under La. R.S. 17:154.2,
 
 [1]
 
 which provides that school
 
 *1261
 
 boards shall provide additional compensation for any teacher required to teach beyond the minimum daily session of 360 instructional minutes. Plaintiffs Simonton and Arkansas originally filed the suit after their schools, Southwood High School and Green Oaks High School, changed from a school day with 360 total instructional minutes to a school day with 380 and |¾374 total instructional minutes respectively. Both Simonton and Arkansas are members of the Caddo Federation, which prompted the Caddo Federation to join the lawsuit as an association representing other teachers employed by the School Board.
 

 The Caddo Federation is a Louisiana limited liability company committed to ensure reasonable pay, benefits, and working conditions for school employees in Caddo Parish. The Caddo Federation claims to have association standing due to the fact that they represent over one-half of the 2,400 classroom teachers employed by the School Board. Although the Caddo Federation does not have a collective bargaining agreement with the School Board, it sits on many policy committees including the school year calendar committee and the district discipline committee, and teachers have the option to deduct Caddo Federation dues from their paychecks.
 

 The School Board contends the Caddo Federation has no rights, status, or legal relationship with the defendants, and therefore has no real or actual interest in the proceedings. Because of this lack of relationship, most notably the lack of a collective bargaining agreement between the parties, the School Board filed its exception of no right of action seeking dismissal of the Caddo Federation as a party plaintiff. The School Board also filed an exception of lack of jurisdiction on the ground that no justiciable controversy exists; as a result, plaintiffs merely seek an advisory opinion from the court.
 

 The district court granted the defendant’s exception of no right of action and dismissed the Caddo Federation as a party plaintiff. The court | ¡¡found that the Caddo Federation did not have a collective bargaining agreement with the School Board, and therefore had no legal relationship with the School Board to pursue this action.
 

 The Caddo Federation now appeals, urging that the district court erred in dismissing it as a party that lacks associational standing to bring a declaratory judgment action on behalf of its members.
 

 DISCUSSION
 

 An action can be brought only by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. A peremptory exception of no right of action may be raised to test whether the plaintiff has a real and actual interest in the lawsuit. La. C.C.P. art. 927. The exception raises the question as to whether the plaintiff is included in the class of persons the law recognizes as having a cause of action asserted in the action.
 
 Louisiana Paddle-wheels v. Louisiana Riverboat Gaming Com’n,
 
 94-2015 (La.11/30/94), 646 So.2d 885. The School Board asserts the Caddo Federation has no right of action because it has no collective bargaining agreement with the School Board, and therefore has no rights, status, or legal relationship with the School Board. The School Board further contends this lack of legal relationship precludes the Caddo Federation from participating as a party plaintiff in this action.
 

 
 *1262
 
 Conversely, the Caddo Federation maintains it has a right of action through the doctrine of associational standing, which provides that an organization has standing, absent its own right of action, if any of its |4members suffer an injury due to the challenged action, and the law affords that member a remedy.
 

 In
 
 Hunt v. Washington State Apple Advertising Com’n,
 
 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977), the court held that an association had standing to bring action on behalf of its members to challenge the constitutionality of a North Carolina statute that adversely affected interstate commerce. The supreme court used a three-part test to determine whether an association had standing to bring a suit on behalf of its members. The court ruled an association has standing when: “(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization’s purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.” 432 U.S. at 343, 97 S.Ct. at 2441.
 

 The Louisiana Supreme Court adopted the
 
 Hunt
 
 factors in
 
 Louisiana Hotel-Motel Ass’n, Inc. v. East Baton Rouge Parish,
 
 385 So.2d 1193 (La.1980), to determine whether the Louisiana Hotel-Motel Association had standing to challenge the constitutionality of a city provision. In
 
 Louisiana Hotel-Motel,
 
 the association brought suit against East Baton Rouge Parish and the City of Baton Rouge questioning whether a six-month moratorium on the issuance of liquor licenses was unconstitutional. The city and parish argued the plaintiff association had no justiciable interest and, therefore, had no right or cause of action. Using the
 
 Hunt
 
 factors, the supreme court found the association did not satisfy the first prong of the test, because no member | shad suffered or would suffer any injury as a result of the enforcement of the statute.
 

 Soon after the Louisiana Supreme Court decided
 
 Louisiana Hotel-Motel,
 
 it again used the
 
 Hunt
 
 factors to decide whether a property owners’ association had standing to enjoin the construction of a bridge over a river which its members alleged was a navigable waterway.
 
 Ramsey River Road Property Owners Ass’n, Inc. v. Reeves,
 
 396 So.2d 873 (La.1981). In ruling the Association had standing, the court held that (1) individual property owners could bring the suit separately, (2) the suit was consistent with the property association’s goal to protect the environment, and (3) the participation of individual association members was not necessary or required for proper adjudication of the action.
 

 Louisiana jurisprudence generally allows associations, including teacher associations, to bring actions on behalf of their members.
 
 [2]
 

 See, e.g., Louisiana Ass’n of Educators v. St. Tammany Parish School Bd.,
 
 430 So.2d 1144 (La.App. 1st Cir.1983),
 
 writ denied,
 
 435 So.2d 429 (La.1983) (two teacher associations, as well as individual teachers, had standing to seek declaratory and injunctive relief regarding the allocation of proceeds from a sales tax);
 
 United Teachers of New Orleans v. State Bd. of Elementary and Secondary Educ.,
 
 07-0031 (La.App. 1st Cir.3/26/08), 985 So.2d 184 (teachers’ union had standing to question the constitutionality of a state act’s alleged impairment of contracts between the union and the school |f,board);
 
 West Monroe Police Local 135, IUPA, AFL-CIO v. Norris,
 
 31,183 (La.App.2d Cir.10/28/98), 720 So.2d 434,
 
 writ denied,
 
 
 *1263
 
 99-0035 (La.2/12/99), 738 So.2d 582 (police union had standing to bring writ of mandamus action to require city to withhold union dues from police officers’ salaries).
 

 CONCLUSION
 

 To have associational standing, the Caddo Federation must satisfy all three prongs of the
 
 Hunt
 
 test. This suit started with teachers, Simonton and Arkansas, seeking a declaratory judgment on whether they are entitled to additional compensation from the School Board after it increased the length of their school day over 360 instructional minutes. The School Board has not disputed that these individual teachers have standing to bring this action. Because both Simonton and Arkansas, as well as other members of the Caddo Federation, have standing to sue in their own right, the Caddo Federation satisfies the first prong of the
 
 Hunt
 
 test.
 

 Next, the Caddo Federation must show the interests it seeks to protect are pertinent to its purpose. The goal of the Cad-do Federation is no different than most unions and other employee organizations, which is to ensure fair and accurate wages for all of its members. There is little doubt the Caddo Federation’s interests are consistent with this suit, and thus, the second prong of the
 
 Hunt
 
 test is achieved.
 

 Finally, the Caddo Federation must show that individual participation of its members is not required for proper adjudication of this suit. The Caddo Federation seeks a declaratory judgment, which is governed by La. |7C.C.P. art. 1871. The relief sought by the Caddo Federation and the two individual plaintiffs is a declaration of whether or not the plaintiffs are entitled to additional compensation pursuant to La. R.S. 17:154.2. The relief requested is not specific to any individual party, but merely a clarification of rights for all teachers employed by the School Board. Hence,
 

 the Caddo Federation satisfies the third prong of the
 
 Hunt
 
 test, and consequently has associational standing to bring this suit against the School Board.
 

 DECREE
 

 With the School Board to pay appeal costs of $146.50, and for the foregoing reasons, the judgment of the trial court is reversed and remanded for further proceedings.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . La. R.S. 17:154.2(A)(1) states:
 

 The city and parish school boards shall
 
 *1261
 
 provide additional compensation for any elementary or secondary public school teacher required to teach beyond the minimum daily session pursuant to R.S. 17:154 or R.S. 17:154.1 or beyond the average teaching school day observed during the 1985-1986 school session, at the option of the board.
 

 [2]
 

 . A trial or appellate court on its own motion may address the issue of whether an associa-lion has standing by granting an exception of no right of action. La. C.C.P. art. 927(B).