MOORE, J.
|,The Caddo Federation of Teachers & Support Personnel appeals a judgment sustaining an exception of no right of action and dismissing its suit for injunctive relief against the Caddo Parish School Board. For the reasons expressed, we dismiss the appeal as moot.
In 2004, the School Board amended its policy manual, specifically its reduction in force (“RIF”) policies for certified personnel and for support staff. The new policies allow the School Board to lay off employees in specific job categories that are designated for RIF, rather than by seniority across the entire system.[1]
The Caddo Federation filed this suit in June 2011, seeking to enjoin implementation of the new RIF policies. It showed that under a special statute, La. R.S. 17:81.4 D, all school RIF policies must include minimum standards for seniority in the system.[2] Specifically, it alleged that *605 the new policies “fail to recognize seniority in the system,” and that the School Board had “narrowly drawn” many job descriptions in an effort to thwart the public policy of § 81.4, recently sending over 800 employees notices that 12they would be terminated effective June 80, 2011.
The School Board filed an exception of no cause of action urging that the amended RIF policies fully complied with § 81.4 and an exception of no right of action urging that “the relief requested is specific to individual members who were affected” by the recent RIF.
After a hearing, the district court denied Caddo Federation’s motion for preliminary injunction. The court found injunctive relief not warranted because the affected employees had an adequate remedy through the grievance procedure, § 81.4 is not a prohibitory law, and Caddo Federation failed to prove irreparable harm.
Both sides then moved for summary judgment, but the court first heard the School Board’s exception of no right of action. The parties stipulated that Caddo Federation does not have a collective bargaining agreement with the School Board, so the right of action must be conferred by associational standing.[3] The court distinguished this court’s prior opinion in Caddo Fed’n of Teachers v. Caddo Parish School Bd., 45,357 (La.App. 2 Cir. 6/23/10), 41 So.3d 1259, which had found that Caddo Federation possessed associational standing and reversed an exception of no right of action. The court granted the School Board’s exception of no right of action, dismissed Caddo Federation’s suit, and found the motions for summary judgment moot.
Caddo Federation has appealed, urging that the court erred as a matter of law in finding that it had no right of action to claim injunctive relief on |3behalf of its members. Caddo Federation’s brief argues that the district court misinterpreted the doctrine of associational standing and wrongly distinguished the prior case of Caddo Fed’n, supra.
The School Board responds that the district court correctly applied the principles of associational standing and properly distinguished Caddo Fed’n, supra. More importantly, however, the School Board shows that the legislature recently amended § 81.4, effective July 1, 2012, to remove seniority as a requisite criterion for any RIF. The School Board argues that this negates the whole point of Caddo Federation’s suit and supports a finding of mootness. Cat’s Meow Inc. v. City of New Orleans, 98-0601 (La.10/20/98), 720 So.2d 1186.
We have closely examined the School Board’s claim of mootness and find it has merit. As amended by 2012 La. Acts No. 1, effective July 1, 2012, La. R.S. 17:81.4 D and E now provide:
D. All reduction in force policies of local public school boards and special schools as provided in this Section shall include:
*606 (1) The right of an employee notified of an action which results from implementation of a reduction in force policy to request in writing a review of such action and to receive notice of the results of such review.
(2) The right of an employee to pursue the matter through the school board’s adopted grievance procedure.
E. No reduction in force policy adopted by a local school board shall include seniority or tenure as the primary criterion to be considered when instituting a reduction in force.
This amendment eliminates seniority and tenure as criteria for school RIF policies. The change totally neutralizes Cad-do Federation’s claim, | ¿which asserted that the amended RIF policies “fail to recognize seniority in the system” and “seek to dismiss personnel based upon seniority in positions,” and prayed for a judgment enjoining the School Board from “utilizing a reduction in force policy that does not comply with La. R.S. 17:81.4.” In fact, the amended RIF policies, which utilize a determination of the level of support needed, reduction as to categories or job descriptions, and elimination of temporary positions first, fully complies with the amended R.S. 17:81.4.
A case is moot when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. Cat’s Meow Inc. v. City of New Orleans, supra; United Teachers of New Orleans v. Orleans Parish School Bd., 355 So.2d 899, 98 L.R.R.M. 2379 (La.1978); Cory v. Cory, 43,447 (La.App. 2 Cir. 8/13/08), 989 So.2d 855. The 2012 amendment makes moot the claim to enjoin enforcement of the amended RIF policy. Cat’s Meow Inc. v. City of New Orleans, supra; Louisiana Seafood Management Council v. Louisiana Wildlife & Fisheries Com’n, 97-1344 (La.App. 1 Cir. 9/1/98), 719 So.2d 119, fn. 5. The remedy for this type of mootness is dismissal of the appeal. United Teachers of New Orleans v. Orleans Parish School Bd., supra; Cory v. Cory, supra.[4],
Moreover, an injunction cannot be used to correct a consummated wrong or enjoin a fait accompli. Bristol Steel & Iron Works Inc. v. State, 507 So.2d 1233 (La.1987); Richardson v. Reeves, 600 So.2d 138 (La.App. 2 Cir.1992). If any members of Caddo Federation can allege that their seniority rights were violated between June 30, 2011, when the RIF occurred, and July 1, 2012, when the legislature ratified the RIF policy, those members may seek redress through the grievance procedure or, if appropriate, litigation.[5]
Because of this resolution, we pretermit any discussion of the issue assigned by Caddo Federation, whether the court erred in finding no associational standing.
For the reasons expressed, the appeal is dismissed as moot. All costs are to be *607 paid by Caddo Federation of Teachers & Support Personnel.
APPEAL DISMISSED.

. The revised policy manual for support personnel provides: "Positions will be reduced based on the following procedure: 1. A determination is made by administration regarding the support services needed to maintain a quality balanced educational program; 2. A determination shall then be made as to the categories (by job description) to be reduced in accordance with the school system needs; and (3) Temporary positions within the categories to be reduced shall be eliminated first. Persons employed in the categories designated for reduction shall be reduced based on the following criteria, in priority order: 1. Employees with an overall unsatisfactory performance as indicated by the most recent observations and evaluations; no evaluations shall be considered which occurs [sic] after the board votes to begin the reduction in force process. 2. Seniority as defined in this policy.”

. At the time, the statute provided: "Not later than January 1, 1996, all reduction in force policies of the city and parish school boards and special schools as provided in this Sec *605 tion shall include but not be limited to the following minimum standards: (1) Certification, if applicable. (2) Seniority in the system. (3) Tenure of employees. (4) Academic preparation, if applicable, within the employee’s field. (5)(a) The right of an employee notified of an action which results from implementation of a reduction in force policy to request in writing a review of such action and to receive notice of the results of such review. (b) The right of an employee to pursue the matter through the school board's adopted grievance procedure.”

. Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977), and Louisiana Hotel-Motel Ass’n v. Parish of East Baton Rouge, 385 So.2d 1193 (La.1980).

. On August 21, 2012, after oral argument of the case, the School Board adopted a new RIF policy (file "GBNA”) that replaced the policies contested in this suit. Counsel also gave this court the information needed to support judicial notice of the new policy under La. C.E. art. 202 B(l)(c). This development does not change our conclusion that the 2012 amendment to R.S. 17:81.4 made the contested policies moot, but it is another fact supporting the finding of mootness.

. At the hearing on the preliminary injunction, Caddo Federation's president, Jackie Lansdale, testified that pursuant to the June 2011 RIF, no certified personnel had been laid off, and of the 166 support personnel laid off, many had been recalled to work; 48 of those permanently laid off had filed grievances seeking reinstatement and backpay.