COX, J.
*987 Corporal Reginald D. Brown filed suit against the Monroe Municipal Fire and Police Civil Service Board ("Board"), Hardeman Cordell, Sr., Billy Woods, Alfred Rayford, and Benjamin Baw on October 25, 2017, alleging a violation of the Open Meetings Law. The trial court granted the Board's exceptions of no cause of action and lack of subject matter jurisdiction, dismissing the suit. Cpl. Brown has appealed the trial court's ruling. For the following reasons, we affirm.
FACTS
Cpl. Brown submitted his application to the Board to take the examination for the position of Chief of Police for the City of Monroe, Louisiana ("exam"). At a public meeting on October 17, 2017, the Board determined that Cpl. Brown did not qualify to take the exam and rejected his application.
On October 25, 2017, at 4:10 p.m., Cpl. Brown's counsel emailed the Board's attorney, informing him that she intended to file "a preliminary injunction against administering the police chief exam and a hearing to show cause on other matters." The Board's attorney responded at 4:28 p.m. that he had been trying to reach her office since 8:30 a.m. to notify her that a special meeting had already been scheduled earlier that day for October 31, 2017, to discuss the reconsideration of Cpl. Brown's application to sit for the police chief exam. Cpl. Brown's petition was then filed at 4:30 p.m.
Cpl. Brown alleged in his petition that the Board violated the Louisiana "Open Meetings Law" ( La R.S. 42:11 et seq. ) on October 17, 2017, by asking members of the public to leave the meeting without a formal motion and vote by two-thirds of the members. He further alleged the Board violated the Open Meetings Law by discussing his competency without notifying him, in writing, within 24 hours of the meeting.
At the Board's meeting on October 31, 2017, the members reconsidered Cpl. Brown's application. The Board determined that Cpl. Brown did, in fact, meet one of the qualifications through his education and unanimously voted to allow him to sit for the exam. Cpl. Brown sat for the police chief exam on November 16, 2017, on its originally scheduled date.
The Board filed exceptions to Cpl. Brown's petition. The first was an exception of subject matter jurisdiction/mootness. The Board argued that if there were violations of the Open Meetings Law, those violations were cured when the special meeting was held. It stated that in the absence of a controversy, the lawsuit was moot. In the alternative, the Board argued three additional exceptions: no cause of action, improper cumulation of actions, and insufficiency of service of process. Judgment was rendered in open court on May 10, 2017. The district court granted the Board's exceptions of lack of subject matter jurisdiction/mootness and no cause of action. Cpl. Brown's petition was dismissed with prejudice at his cost.
DISCUSSION
First, Cpl. Brown argues that the district court erred and incorrectly granted the exception of lack of subject matter jurisdiction/mootness. Cpl. Brown argues the first meeting violated the Open Meetings Law because the Board asked members of the public to leave before voting on all the candidates. He alleges the violation *988 was not cured at the second meeting because the Board revoted only on his application and not the other candidates.
This argument was not made at the trial court. Cpl. Brown's petition alleged that his application and competency were discussed and voted on during an illegally closed session and that he was not properly notified. His petition did not mention voting on the other applicants as a problem. It is improper for Cpl. Brown to raise new arguments on appeal that were not pled at the trial level. We limit our review to the issues properly before us.
The jurisprudence of this State is well settled that courts will not decide abstract, hypothetical, or moot controversies. In order to avoid deciding abstract, hypothetical, or moot questions, courts require cases submitted for adjudication to be justiciable, ripe for decision, and not brought prematurely. Cat's Meow, Inc. v. City of New Orleans Through Dep't of Fin. , 98-0601 (La. 10/20/98), 720 So.2d 1186. A case is moot when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. Id. ; Caddo Fed'n of Teachers & Support Pers. v. Caddo Par. Sch. Bd. , 47,489 (La. App. 2 Cir. 9/26/12), 106 So.3d 603.
We agree with, and adopt, the trial court's reasons for determining the case is moot:
Now, ultimately Mr. Brown got everything he could have gotten from the board. He was allowed to sit for the exam. To take the exam. [G]iven at least two weeks to do so and ultimately did take the exam. He got everything he could have asked for. Everything he could have asked for and everything that would have [given] him consideration for chief of police... Everything else is moot because he's gotten everything that he could have asked for and the injunctive relief, of course, became moot when he was given the opportunity to sit for the exam.
Given that Cpl. Brown was allowed to sit for the exam, we find there is no remaining practical relief and the issue is moot. This assignment lacks merit.
Second, Cpl. Brown argues the trial court erred and incorrectly granted the exception of no cause of action. He asserts that his petition alleges specific facts that would support his claim that there was a violation of the Open Meetings Law. He claims the trial court looked outside of his petition to conclude there was no violation.
We do not agree with Cpl. Brown's argument. There is no indication that the trial court looked at evidence outside of the pleadings and attachments. The trial court stated that even if it were to hold that there was a violation of the Open Meetings Law, that violation would have been cured at the second meeting, citing Delta Dev. Co., Inc. v. Plaquemines Par. Comm'n Council , 451 So.2d 134 (La. App. 4 Cir. 1984), writ denied , 456 So.2d 172 (La. 1984).
La. R.S. 42:24, entitled "Voidability," states that any action taken in violation of the Open Meetings Law "shall be voidable by a court of competent jurisdiction" and that a "suit to void any action must be commenced within sixty days of the action." A simple reading of this section compels the conclusion that an action taken by a public body without compliance with the Open Meeting Law is not an absolute nullity. Delta Dev. Co., Inc. v. Plaquemines Par. Comm'n Council, supra . General law and common sense dictate that a resolution which is not absolutely null and void, which came into being and existence when adopted, but which may be subsequently declared void because *989 of technical violations of the law, may be corrected by ratification, provided the ratification is adopted after full compliance with the law. Id. The court in Delta Dev. Co., Inc. , stated that if the Council's original action was a violation, the injury or harm to the public was cured when the action was ratified at a second meeting.
We find this case to be similar to Delta Dev. Co., Inc., supra. Cpl. Brown concedes that the second meeting held by the Board was in compliance with the Open Meetings Law. Therefore, if there was any violation of the Open Meetings Law at the first meeting, it was cured at the second meeting. There was no reason for the trial court to reach a conclusion whether there was a violation at the first meeting because the second meeting was in compliance and ratified the first meeting. The trial court correctly granted the exception of no cause of action. This assignment lacks merit.
In his final argument, Cpl. Brown argues that the trial court erred in denying his request for attorney fees and costs. He argues that by filing suit, he provoked the Board to reverse itself thereby allowing him to sit for the exam. He points out that although the Board argues it was going to call the meeting regardless of the lawsuit, he was not notified of the second meeting until after the lawsuit was filed.
La. R.S. 42:26 provides:
If a person who brings an enforcement proceeding prevails, he shall be awarded reasonable attorney fees and other costs of litigation. If such person prevails in part, the court may award him reasonable attorney fees or an appropriate portion thereof. If the court finds that the proceeding was of a frivolous nature and was brought with no substantial justification, it may award reasonable attorney fees to the prevailing party.
The trial court concluded, as supported by the record, that after the decision had been made to reconsider Cpl. Brown's application, the lawsuit was filed. Correspondence between legal counsel is included in the record. As noted above, the time stamps on the emails and petition indicate the Board had already decided to hold a special meeting regarding Cpl. Brown's application before the suit was filed. The meeting notice mailed to Cpl. Brown's counsel was postmarked October 25, 2017, although it was not marked "received" until October 27, 2017.
Based on the record, we do not find that Cpl. Brown prevailed in his suit, which would have possibly allowed an award of attorney fees. Further, we do not agree with Cpl. Brown's argument that his suit provoked the Board to reconsider his application as a meeting had already been scheduled before the suit was filed. We conclude that the trial court did not err in denying Cpl. Brown's request for attorney fees and costs. This assignment lacks merit.
CONCLUSION
For the foregoing reasons, we affirm the trial court's granting of the Board's exceptions of no cause of action and lack of subject matter jurisdiction. Costs associated with this appeal are assessed to the Appellant, Reginald D. Brown.
AFFIRMED.